**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| THERESE VERONICA NATTY, | : | CIVIL ACTION NO. |
| Alien # 041363391, | : | 2:12-CV-00027-RWS-JCF |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | FEDERAL TORT CLAIMS ACT |
| DEP'T OF HOMELAND SECURITY, | : | 28 U.S.C. § 1346 |
| ARIEL RODRIGUEZ, | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S NON-FINAL**
**REPORT AND RECOMMENDATION**

Plaintiff seeks relief under the Federal Tort Claims Act ("FTCA") for the loss

of her Toyota Rav 4 automobile.  (Doc. 1).  Plaintiff paid the filing fee in full on July

3, 2013, and this matter is now ready for an initial screening.

**I.**    **The Legal Framework**

**A.**    **28 U.S.C. § 1915A Review**

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening

of a prisoner complaint seeking redress from a governmental entity, or from an officer

or employee of such an entity, to determine whether the complaint (1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted, or (2) seeks

monetary relief from a defendant who is immune from such relief.  A complaint is

frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). To have some chance of success, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

**B.**   **FTCA Cause of Action**

The United States is the only permissible defendant in an FTCA action. *See* 28 U.S.C. § 2679(b)(1) (stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"). "It is well settled that sovereign immunity bars suits against the United States

2

except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999).  The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.'" *JBP Acquisitions, L.P. v. United States ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1), which also provides that liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

A district court may not entertain an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," although an agency's failure "to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." 28 U.S.C. § 2675(a).  The claim must be presented to the agency within two years of its date of accrual and to the district court within six months of the agency's mailing the notice of final denial of the claim.  28 U.S.C. § 2401(b).

Moreover, there are a number of exceptions to the FTCA's waiver of sovereign

3

immunity. For example, "if the complaint challenges the [federal] employee's performance of a discretionary function, 28 U.S.C. § 2680(a) exempts the United States from liability." *Williams v. United States*, 314 Fed. Appx. 253, 256-57 (11th Cir. 2009). "The discretionary function exception applies regardless of whether the agency or employee exercised due care." *Id.* at 257 (citing *Buchanan v. United States*, 915 F.2d 969, 971 (5th Cir. 1990)). The Eleventh Circuit stated in *Williams* that for the plaintiff "to recover damages for negligence under the FTCA, the evidence must establish that [the FBI] Agent [who struck plaintiff with the agent's automobile during the course of plaintiff's arrest] was not exercising a discretionary function in his performance of the arrest." *Id.* at 257; *see id.* at 254-55.

Nevertheless, if a federal official has violated the Constitution or a federal statute or regulation, the § 2680(a) exception may not apply. *See Denson v. United States*, 574 F.3d 1318, 1337 n.55 (11th Cir. 2009); *see also Mancha v. Immigration & Customs Enforcement*, No. 1:06-CV-2650-TWT, 2009 U.S. Dist. LEXIS 27620, at *12-14 (N.D. Ga. Mar. 31, 2009) (rejecting motion to dismiss under § 2680(a) exception because, per *Nguyen v. United States*, 556 F.3d 1244, 1260 (11th Cir. 2009), "the FTCA claims [against law enforcement officers] for false imprisonment, assault, and battery[] do not fall under the discretionary function exception," nor do the FTCA

4

claims for trespass, "to the extent that [they] . . . involve unconstitutional conduct" (citing *Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir. 1987) ("The law . . . is that adherence to constitutional guidelines is not discretionary; it is mandatory."))).

## II.   <u>The Complaint</u>

Plaintiff states in her complaint that "this action arises under the" FTCA, and "[j]urisdiction is conferred upon this Court by 28 U.S.C. § 1346(b)."  (Doc. 1 at 1). Plaintiff asserts that she exhausted her administrative remedies by presenting her FTCA claim to the Department of Homeland Security and to United States Immigration and Customs Enforcement ("ICE") on March 23, 2011, although she had not received a response to her administrative claim by the time she submitted her complaint on January 30, 2012.  (*Id.*; *see* Doc. 1-1).  Plaintiff states that on December 10, 2010, she lost her 2004 Toyota Rav 4 automobile, valued at $20,000, when "the ICE office tricked [her] to go to [the] Newnan Georgia Department of Driver Services office" to obtain a Georgia driver's license.  ICE Agent Rodriguez, acting at the direction of his supervisor, arrested Plaintiff there, allegedly abandoning Plaintiff's automobile in the parking lot rather than impounding it.  (Doc. 1 at 2-4).

## III.   <u>Conclusion</u>

It is not clear whether Plaintiff properly exhausted her administrative remedies

AO 72A
(Rev.8/82)

before filing this FTCA civil action.  It is also not clear whether the discretionary function exception shields the United States from liability in this matter.  Nevertheless, at this time the Court is unable to conclude that Plaintiff has not alleged a viable FTCA cause of action for negligence due to the failure of federal law enforcement officers to secure Plaintiff's vehicle upon her arrest, resulting in its loss.

Accordingly, in light of the allegations presented, and in deference to Plaintiff's *pro se* status, **IT IS RECOMMENDED** that her FTCA claim be **ALLOWED TO PROCEED** against the United States as in any other civil action.  However, because only the United States is a proper defendant in an FTCA action, *See* 28 U.S.C. § 2679(b)(1), **IT IS FURTHER RECOMMENDED** that the Department of Homeland Security and Ariel Rodriguez be **DISMISSED** from this action.

If the District Judge adopts this Report and Recommendation, the Clerk is **DIRECTED** to refer this matter back to the undersigned for service of process.

**SO RECOMMENDED and DIRECTED** this 24th day of September, 2013.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)