**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| THERESE VERONICA NATTY, | : CIVIL ACTION NO. |
| Alien # 041363391, | : 2:12-CV-00027-RWS-JCF |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, | : FEDERAL TORT CLAIMS ACT |
|     Defendant. | : 28 U.S.C. § 1346 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff seeks relief under the Federal Tort Claims Act ("FTCA") for the loss of her automobile. (Doc. 1). The government has moved to dismiss her complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 31). It is **RECOMMENDED** that the government's motion be **GRANTED**.

**I.     The Complaint**

Plaintiff states that "this action arises under the" FTCA, and "[j]urisdiction is conferred upon this Court by 28 U.S.C. § 1346(b)." (Doc. 1 at 1). She alleges that on December 10, 2010 she lost her 2004 Toyota Rav 4 automobile, valued at $20,000, when "the ICE [Immigration and Customs Enforcement] office tricked [her] to go to [the] Newnan Georgia Department of Driver Services office" to obtain a Georgia driver's license. ICE Agent Rodriguez, acting at the direction of his supervisor,

arrested Plaintiff there, allegedly abandoning Plaintiff's vehicle in the parking lot rather than impounding it. (Doc. 1 at 2-4).

## II. The Nature Of An FTCA Cause Of Action

The United States is the only permissible defendant in an FTCA action. *See* 28 U.S.C. § 2679(b)(1) (stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"). "It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.' " *JBP Acquisitions, L.P. v. United States ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1), which also provides that liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

## III. Discussion

2

A.     **The Government's Motion To Dismiss**

The government moves to dismiss Plaintiff's complaint because "Congress . . . expressly excluded from the waiver of sovereign immunity '[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer.' " (Doc. 31 at 4 (quoting 28 U.S.C. § 2680(c)).  The government argues that (1) this exclusion "applies to all injuries associated in any way with the detention of goods or property by any law enforcement officer," and (2) an ICE agent is a law enforcement officer. (*Id.* at 5). The government concludes that Plaintiff's claim is barred by the doctrine of sovereign immunity and that this Court thus lacks subject matter jurisdiction to entertain her claim. (*Id.* at 5-6). Plaintiff has not filed a response to the government's motion to dismiss, despite being granted two extensions of time to do so. (*See* Minute Entries for Apr. 30 and June 24, 2014).

B.     **Analysis**

A federal court has "a continuing obligation to assess [its] subject matter jurisdiction. Under the law of this circuit, [] parties cannot waive subject matter jurisdiction, and [a court] may consider subject matter jurisdiction claims at any time during litigation." *Belleri v. United States*, 712 F.3d 543, 546-47 (11th Cir. 2013) (internal quotations omitted) (reviewing the district court's FED. R. CIV. P. 12(b)(1)

3

dismissal of appellant's FTCA claim for negligence "on the ground that the discretionary function exception to the Act barred his claim").[1]

### 1. ICE Agents Are Law Enforcement Officers Under 28 U.S.C. § 2680(c).

There are a number of exceptions to the FTCA's waiver of sovereign immunity. The 28 U.S.C. § 2680(c) exception exempts from the waiver, and thus reasserts the United States's sovereign immunity from, "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." *See Ali v. Fed. Bureau of Prisons*, 204 Fed. Appx. 778, 779 (11th Cir. 2006). Although there does not appear to be any caselaw in this circuit addressing whether ICE agents are law enforcement officers under § 2680(c), at least one court in this circuit has found that "they are law enforcement officers as contemplated by § 2680(h)" because they "are 'empowered by law to execute searches, to seize evidence, [and] make arrests for violations of Federal law.' " *Lyttle v. United States*, 867 F. Supp. 2d 1256, 1297 (M.D. Ga. 2012) (quoting *Nguyen v. United States*, 556 F.3d 1244, 1252 (11th Cir. 2009), and citing federal statute that lists immigration

---

[1] Rule 12(b)(1) allows for dismissal of a complaint for "lack of subject-matter jurisdiction."

4

officers' powers); *see* 28 U.S.C. § 2680(h) (defining " 'investigative or law enforcement officer' [as] any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law").

And in other circuits "[t]he term 'other law enforcement officer' [in § 2680(c)] has been construed broadly to include, among others, ICE officers." *Yao Gamado v. White*, No. 08-3831, 2008 U.S. Dist. LEXIS 73013, at *6 (D.N.J. Sept. 24, 2008); *see also Halverson v. United States*, 972 F.2d 654, 655-56 & n.11 (5th Cir. 1992) (noting employees of the Immigration and Naturalization Service, now ICE, "are authorized to make arrests pursuant to 8 U.S.C. § 1356";[2] *Ysasi v. Rivkind*, 856 F.2d 1520, 1524-25 (Fed. Cir. 1988)).[3]

---

[2]In *Halverson*, the Fifth Circuit considered the appellant's claim that he "had been arrested at an immigration checkpoint when Border Patrol agents found cocaine concealed under the back seat of the car in which he was a passenger[,] . . . . that the arresting agent took possession of the missing articles [for which appellant sought compensation] and that his resulting loss was caused by the arresting officers' failure to follow proper inventory procedures." 972 F.2d at 655. The Fifth Circuit "h[e]ld that the [§ 2680(c)] exception is not limited to losses resulting from detention of goods and merchandise by customs or tax officers only, but is applicable to claims arising from the detention of goods and merchandise *by any federal law enforcement officers* in the performance of their lawful duties, and therefore affirm[ed] the district court's dismissal" of the appellant's claim because the district court lacked subject matter jurisdiction to review it. *Id.* at 655-56 (emphasis added).

[3]In *Rivkind*, the Federal Circuit noted the following:

The Eleventh Circuit has not addressed the question of the meaning of "other law

5

### 2. **The 28 U.S.C. § 2680(c) Exception Regarding The Negligent Handling Of Property Applies To The Alleged Actions Of The ICE Agents.**

"The United States Supreme Court has interpreted § 2680(c) broadly to cover not only damages arising from the detention of goods or merchandise, but also situations in which damages result from their negligent storage or handling." *Ali*, 204 Fed. Appx. at 779-80 (citing *Kosak*, 465 U.S. at 854-59, and "conclud[ing] that the

---

enforcement officer." However, four other courts of appeals have done so and have refused to limit the scope of section 2680(c) to law enforcement officers acting in a customs or tax capacity. The Second Circuit applied the section to bar FTCA actions involving seizures by federal narcotics agents, *Formula One Motors, Ltd. v. United States*, 777 F.2d 822 (2d Cir. 1985); the Seventh Circuit held that the section applies to seizures by Food and Drug Administration agents, *United States v. 1500 Cases, More or Less*, 249 F.2d 382 (7th Cir. 1957); the Ninth Circuit applied it to the seizure of an airplane by Federal Aviation Administration officials, *United States v. Lockheed L-188 Aircraft*, 656 F.2d 390 (9th Cir. 1979), and to the seizure of currency by federal narcotics agents, *United States v. $ 149,345 United States Currency*, 747 F.2d 1278 (9th Cir. 1984); and the Tenth Circuit found it applicable to seizures by Department of Agriculture agents, *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1490-91 (10th Cir. [1984]) . . . .

These decisions are persuasive and we are convinced the Eleventh Circuit would adopt the same position. We also note that the meager legislative history of section 2680(c) is not in any way inconsistent with the interpretation given the statute by these courts. *See Kosak* [*v. United States*], 465 U.S. [848,] 855-61 [(1984)]. . . . We conclude that the district court correctly held that [appellant's] FTCA claim was barred by section 2680(c) and that the government was entitled to judgment as a matter of law.

*Rivkind*, 856 F.2d at 1524-25 ("agree[ing] with the district court that the clear weight of authority favors the government's position" "that the phrase 'any other law enforcement officer' appearing in section 2680(c) should be read broadly to encompass all federal law enforcement officers").

6

district court did not err in finding that the [Federal Bureau of Prisons] officers who handled [and allegedly lost appellant's] property fall within the exception found in 28 U.S.C. § 2680(c)," and that "the district court did not err in dismissing [appellant's] FTCA claim for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)").

The same reasoning applies here to the alleged negligent handling of Plaintiff's Toyota Rav 4 vehicle. Such negligence is excluded from the FTCA waiver of sovereign immunity when it is attributable to law enforcement officers. And because the ICE agents who allegedly mishandled Plaintiff's vehicle are law enforcement officers under the § 2680(c) exception, Plaintiff's FTCA claim is barred from merits review in this Court for lack of subject matter jurisdiction.[4]

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the government's Motion to Dismiss (Doc. 31) be **GRANTED** and that Plaintiff's FTCA claim be

---

[4]In *Matsushita Elec. Co. v. Zeigler*, 158 F.3d 1167 (11th Cir. 1998), the Eleventh Circuit affirmed "the district court's order substituting the United States as a defendant for . . . a U.S. Customs agent[] and then dismissing [appellant's] claims against the United States under the" FTCA's § 2680(c) exception. *Id.* at 1168 (noting that in *Kosak* "the Supreme Court held that a property owner whose goods were damaged during their detention as a result of the negligence of Customs agents could not maintain an action against the United States" because of the § 2680(c) exception to the FTCA's waiver of sovereign immunity). The Eleventh Circuit reached this conclusion even though the substitution of the United States for the Customs agent and the application of the § 2680(c) exclusion to the negligent acts of the agent left the appellant without a remedy against either the United States or the agent. *See id.* at 1168-71.

**DISMISSED** for lack of subject matter jurisdiction because the 28 U.S.C. § 2680(c) exception to the FTCA's waiver of sovereign immunity bars consideration of Plaintiff's claim on the merits.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for appointment of counsel (Doc. 35) and third motion for an extension of time to respond (Doc. 36) be **DENIED as moot**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 6th day of November, 2014.

/s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge